# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Deontez Lamar Reese,

                Petitioner,     Case No. 24-10914

v.                                  Judith E. Levy
                                  United States District Judge

Catherine Bauman,

                                 Mag. Judge Patricia T. Morris

                Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD HABEAS PETITION IN ABEYANCE [3]

Petitioner Deontez Lamar Reese is a state inmate in the custody of the Michigan Department of Corrections. In 2019, Petitioner was convicted of first-degree murder and other felony offenses in Wayne Circuit Court. On April 2, 2024, Petitioner signed and dated a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and it was subsequently filed with the Court on April 9, 2024. (ECF No. 1.)

Following his state conviction, Petitioner pursued a direct appeal in the Michigan Court of Appeals. His conviction was affirmed in an unpublished decision. *People v. Reese*, No. 349738 (Mich. Ct. App. July

21, 2022). Petitioner appealed to the Michigan Supreme Court, but on January 4, 2023, his application for leave to appeal was denied. *People v. Reese*, No. 164804 (Mich. Jan. 4, 2023). Ninety days later, on or about April 4, 2023, Petitioner's conviction became final on direct review for purposes of the one-year federal habeas corpus statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A). As indicated, Petitioner submitted this habeas petition on April 2, 2024, days before the limitations period was set to expire.

Before the Court is Petitioner's motion to stay his habeas petition. Reese asserts that contemporaneously with filing his habeas petition, he filed a motion for relief from judgment in Wayne Circuit Court, raising new claims of ineffective assistance of counsel. (ECF Nos. 1, 3.) Reese indicates that he wishes to include these new claims in his habeas proceeding if he is unsuccessful on state post-conviction review. (ECF No. 3, PageID.190.) He asserts that because very little time remains on the statute of limitations, he requires a stay of proceedings, as opposed to a dismissal without prejudice on exhaustion grounds. (*Id.* at PageID.179.)

State prisoners are required to give the state courts an opportunity to act on their claims before they present their claims to a federal court

2

in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

To avoid complications with the statute of limitations, a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). After the petitioner exhausts his state remedies, the federal court may lift its stay and allow the petitioner to proceed in federal court. *Id.* at 275–76.

The Court concludes that such a stay is warranted here because it will enable Petitioner to exhaust his state-court remedies for all of his claims without fear of violating the statute of limitations. There is no indication that Petitioner has been engaged in intentional dilatory actions or that his new claims are plainly meritless. The Court will hold the habeas petition in abeyance while he attempts to exhaust his new claims in state court.

3

For the reasons set forth above, the Court GRANTS Petitioner's motion to hold his habeas petition in abeyance while he pursues state-court remedies. (ECF No. 3.)

This stay is conditioned upon Petitioner fully exhausting his state-court remedies, including seeking timely review in the Michigan Court of Appeals and Michigan Supreme Court in the manner provided under Michigan law if his motion for relief from judgment is denied.

The stay is further conditioned on Petitioner's return to this Court, with a motion to re-open and amend his petition, using the same caption and case number included at the top of this Order, within 60 days of fully exhausting his state court remedies. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure for staying habeas proceeding pending exhaustion of state court remedies). If Reese fails to comply with any of these conditions, the Court may dismiss his petition and/or rule only on his currently-exhausted claims. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

IT IS SO ORDERED.

Dated: September 11, 2024　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

4

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 11, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
